UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANNETTE WESSON, on behalf
of herself and those similarly
situated,

        Plaintiff,

vs.                                          CASE NO.:

SODEXO, INC., a Foreign For
Profit Corporation,

        <u>Defendant.</u>              /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ANNETTE WESSON, on behalf of herself and those similarly situated, by and through the undersigned attorney, and sues the Defendant, SODEXO, INC. (hereinafter "Defendant"), for failing to pay complete minimum wages and overtime for every hour worked, pursuant to 29 U.S.C. 216(b) and 29 U.S.C. § 201, et al. (hereinafter the "FLSA").

### Nature of Case

1.    Defendant is a support service business located in Buffalo, New York, which operates and conducts business in Fulton, County, Atlanta, Georgia, among others.

2. As part of its enterprise, Defendant hires various employees to provide "quality of life services" such as housekeeping, laundry and food service personnel to their customers.

3. Plaintiff brings this case on behalf of herself and those similarly situated employees to address and correct the illegal pay practices conducted by Defendant regarding their housekeeping staff.

4. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated at least the full minimum wage for all hours worked and at least time and one half their regular rate of pay for hours worked in excess of (40) within a work week pursuant to 29 U.S.C. 216(b) and 29 U.S.C. § 201, et al.

## Parties

5. Plaintiff was an hourly paid housekeeper, who worked for Defendant from approximately January 1, 2015 through August, 2015.

6. Defendant, SODEXO, INC., is a foreign for profit corporation which operates and conducts business in, among others, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

7. This action is brought under the FLSA to recover from Defendant unpaid minimum wages, overtime compensation, liquidated

damages, and reasonable attorneys' fees and costs.

8. This action is intended to include every housekeeper employed by Defendant at any time within the State of Georgia within the last three years.

## Jurisdiction & Venue

9. This action is brought under Federal law to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

11. This Court has jurisdiction and venue over this complaint as each of Defendant's violations of the FLSA complained of took place in Fulton County, Georgia.

## General Factual Allegations

12. Plaintiff, and those similarly situated employees, worked for Defendant at various locations in Atlanta, Fulton County, Georgia.

13. Plaintiff was paid an hourly rate of seven and 75/100 dollars ($7.75) per hour.

14. At all material times during the last three years, Defendant was an enterprise subject to the FLSA's provision on minimum and overtime wages.

15. At all material times during the last three years, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Defendant's employees accepted payments from their clients issued by out of state financial institutions which transacted business in interstate commerce on a daily basis.

17. Defendant's employees handled such goods as cleaning solutions, mops, brooms, cleaning carts, and other housekeeping equipment which had travelled in interstate commerce on a daily basis.

18. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

19. Defendant is in the business of providing "quality of life support" services to their clients throughout the United States.

20. Specifically, Defendant is a company which provides food and beverage, housekeeping, clerical, consulting, and various other support services to their clients nationwide.

21. Plaintiff and other similarly situated employees worked in the State of Georgia without being paid at least the full minimum wage for all hours worked.

22. Plaintiff and other similarly situated employees worked in the State of Georgia without being paid at least time and one half their regular hourly rate of pay for those hours worked in excess of forty (40) within a work week during one or more weeks of employment with Defendant.

23. Defendant controlled and/or was responsible for the work of Plaintiff and other similarly situated employees.

24. Plaintiff and those similarly situated employees did a specific job, i.e. provide housekeeping services, which was/is an integral part of the support service business of Defendant.

25. Plaintiff and other similarly situated employees were directed to arrive at work thirty (30) minutes prior to the start of each shift to stock their housekeeping carts with the requisite supplies for their shift each day without clocking in and therefore receiving no pay whatsoever for this time spent working off the clock prior to each shift.

26. As a result of these common policies, Plaintiff and those similarly situated employees are entitled to be paid for the additional half hour of work performed by them for which Defendant failed to compensate them.

27. Also, as a result of the above pay practices Plaintiff and those similarly situated were not paid time and one half their regular of pay for all hours worked over forty within a workweek during weeks in which the additional half hour worked each shift would have made the total hours worked for the week over forty (40).

28. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated employees are in the possession and custody of Defendant.

# FIRST CAUSE OF ACTION
# VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
### (Unpaid Minimum Wages)

29. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 28 above as if stated fully herein.

30. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

31. At all relevant times, Defendant employed Plaintiff and other similarly situated employees.

32. As stated above, Defendant has a policy and practice requiring the Plaintiff and other similarly situated employees to arrive at work thirty (30) minutes prior to the start of their shift and work off the clock stocking their housekeeping carts with cleaning supplies needed for their shift.

33. Such a policy and practice violates the FLSA's minimum wage provisions.

34. Defendant's failure to pay Plaintiff and others similarly situated the full minimum wage is a violation of 29 U.S.C. § 206.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and those similarly situated employees.

37. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and those similarly situated employees.

38. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and all similarly situated employees the full and complete minimum wage for each hour worked, Plaintiff, and those similarly situated, have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, ANNETTE WESSON, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages or if liquidated damages are not awarded

then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## SECOND CAUSE OF ACTION
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)</u>
### (Unpaid Overtime Wages)

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 28 above as though fully stated herein.

40. Plaintiff and all similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

41. During Plaintiff's employment with Defendant, Plaintiff and other similarly situated employees worked overtime hours but were not paid time and one-half compensation for the same as a result of the facts alleged above.

42. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and other similarly situated employees time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and those similarly situated employees have suffered damages.

43. Defendant did not maintain and keep accurate time records regarding the overtime hours as required by the FLSA for Plaintiff and those similarly situated employees.

44. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and those similarly situated employees.

45. As a result of Defendant's willful violation of the FLSA, Plaintiff and all similarly situated employees are entitled to liquidated damages.

WHEREFORE Plaintiff, ANNETTE WESSON, on behalf of herself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff and other similarly situated employees for which Defendant did not properly compensate them, liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted this 10th day of November, 2015.

/s/ Justin D. Miller
Justin D. Miller
Georgia Bar No. 001307
Attorney for Plaintiff
Morgan & Morgan, P.A.
PO Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: JDMiller@forthepeople.com
*Attorneys for Plaintiff*